Taft, J.,
concurring. This rehearing was limited to the question lohether the judgment should be that required by the conclusions of law announced by four judges in the so-called “dissenting” opinion, instead of that required by the conclusions of law announced by three judges in the so-called “per curiam” opinion.
When this court announced its decision in this case [ante, 108), all seven judges apparently believed that the position taken by the majority, as set forth in the last paragraph of what was then described as the “dissenting” opinion, was necessarily dependent upon or required a determination that *199 some essential part of the statutes, relative to construction of a parking lot under the Statehouse grounds, is unconstitutional. Hence, “because fewer than six” concurred in that opinion, all seven judges acquiesced in the last sentence of the “per curiam” opinion and in the entry thereafter of “judgment affirmed.”
Although not then apparently noted by any one, the fallacy of that conclusion is now apparent from a mere reading of the very brief majority but so-called “dissenting” opinion. It is now obvious that the conclusion reached by the majority of the court at that time was not in any way dependent upon, nor did it require, any determination that any law is either unconstitutional or void; and that, therefore, there is no justification whatever for refusing to recognize that the judgment of this court should have been that required by the majority but so-called “dissenting” opinion, which was concurred in by four of the seven members of the court. In the instant case, there is no statute involved that specifically provides for spending any part of the “Highway Improvement Fund” on this underground parking lot project. If there were, then it might be necessary to determine such statute to be unconstitutional or void in order to render a judgment reversing the judgment of the Court of Appeals. Instead, the only statute that is involved in the instant case and that relates to spending money on this project is Section 5538.17, Revised Code, which states that, “with the approval and consent of the commission, the Director of Highways shall expend, out of any funds available for the purpose, such monies as are necessary for the study of any underground parking lot.” Thus, a judgment of reversal may be based upon a conclusion, such as set forth in the so-called “dissenting” opinion concurred in by four judges of this court, that monies in the “Highway Improvement Fund” are not “available for the purpose” because of the provisions of Section 5a of Article XII of the Constitution. Such a judgment of reversal would not be dependent in any way upon any determination that any statute or part thereof is either unconstitutional or void.
Since my opinion still is that an expenditure for studies and surveys for the parking lot under the Statehouse grounds would be an expenditure for the purpose of providing necessary park *200 ing space off the highway and would he an expenditure for “highway purposes” within the meaning of Section 5a of Article XII of the Constitution and that the Court of Appeals was correct in so holding, I have considered the fact that one of the four who concurred in that opinion is no longer a member of this court and that his successor might be persuaded to agree with me rather than with his predecessor. However, 1 am not a partisan in this case but a judge. I have expressed my views as to what decision should be rendered by this court. I believe it would smack of partisanship for me to grasp at technicalities to insist on a further rehearing in the hope that .fudge Hart’s successor on this court might disagree with him and agree with me.
As to the dissenting opinion on this rehearing, I believe it sufficient to state that (1) the conclusion of the majority was not in any way dependent upon holding “unconstitutional and void” any “law” so that the words of Section 2 of Article IV relative to “concurrence of at least all but one of the judges” could not apply (as in this case, a case may involve an interpretation of constitutional provisions without involving any question as to the constitutionality or validity of any statute), and (2) the question being considered on this rehearing could not have arisen in either the Common Pleas Court or the Court of Appeals and would not have arisen even in this court, except for the mistake made by all seven judges of this court when we announced our previous decision, a mistake which I am willing to admit. The very purpose of providing for any application for a rehearing is to correct mistakes by this court which counsel could not have reasonably anticipated before the court’s decision.
Matthias, J., concurs in the foregoing concurring opinion.